NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JESSICA E., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY,
X.B., L.B., N.B., *Appellees*.

No. 1 CA-JV 14-0261
FILED 7-7-2015

Appeal from the Superior Court in Maricopa County
No. JD509874
The Honorable Brian K. Ishikawa, Judge, (Retired)

**AFFIRMED**

COUNSEL

David W. Bell Attorney at Law, Higley
By David W. Bell
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Eric Knobloch
*Counsel for Appellee Department of Child Safety*

---

## MEMORANDUM DECISION

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Michael J. Brown joined.

---

**O R O Z C O**, Judge:

**¶1**         Jessica E. (Mother) appeals from the termination of her parental rights to X.B., L.B., and N.B (collectively the Children).  Mother contends the juvenile court denied her due process by finding no good cause existed for her failure to appear at a pretrial conference and challenges the juvenile court's termination of her parental rights.  For the following reasons, we affirm the denial of the motion to set aside the termination order and the termination of Mother's parental rights.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**         X.B. and L.B. were taken into the Department of Child Safety's (DCS) care in January 2012 after response to an emergency call revealed then-eight-week-old L.B. was severely malnourished and suffering from several acute and untreated health issues.  X.B. and L.B. were found dependent as to Mother approximately two months later, and a family reunification plan was implemented.  N.B. was born approximately seventeen months after the other children were taken into care by DCS, and was taken into DCS's custody immediately.  N.B. was then found dependent as to Mother.

**¶3**         Approximately six months after N.B.'s dependency determination, at a report and review hearing, the juvenile court changed the case plan to severance and adoption.  At that hearing, the court gave Mother a Form 3, which provided in relevant part the date and time of the next hearing and included the admonishment that,

> [i]f you fail to attend the Initial Termination Hearing, Termination Pre-trial Conference, Status Conference, or Termination Adjudication Hearing without good cause, the Court may determine that you have waived your legal rights and admitted the grounds alleged in the motion/petition for termination.  The Court may go forward with the Termination Adjudication Hearing in your absence and may terminate

your parental rights to your child based on the record and evidence presented.

Ariz. R.P. Juv. Ct., Form 3.

**¶4**       DCS then filed a termination motion for all three children. For X.B. and L.B., DCS alleged both nine- and fifteen-months' time in out-of-home placement pursuant to Arizona Revised Statutes (A.R.S.) section 8-533.B.8(a) and (c). For L.B. and N.B., both of whom were under three years old, DCS also alleged six-months' time in out-of-home placement pursuant to A.R.S. § 8-533.B.8(b).

**¶5**       After the termination motion was filed, Mother appeared at several pretrial proceedings. After a pretrial conference and publication hearing in May 2014, the juvenile court scheduled a second pretrial conference for July 2014. Mother did not appear at the July 2014 pretrial conference and Mother's counsel confirmed that Mother knew about the hearing. The juvenile court found that Mother had received proper notice and had failed to appear without good cause shown. The juvenile court allowed DCS to proceed with its termination motion, and DCS presented testimony and evidence supporting termination. The juvenile court found that DCS had proved each alleged termination ground by clear and convincing evidence and that termination of Mother's parental rights was in the Children's best interests.

**¶6**       Thereafter, Mother filed a motion to set aside the termination order, asserting that she was given a Form 3 by the juvenile court at the May 2014 pretrial conference that stated the next hearing would occur on July 25, 2014, not July 21, 2014, the date the hearing was held. The juvenile court heard argument on the motion and ruled that "[a]s established at the hearing . . . mother's counsel and mother, not the Court, filled out the Form 3" that Mother received at the May 2014 pretrial conference. Accordingly, the juvenile court affirmed that no good cause existed for Mother's failure to appear, and denied her motion to set aside the termination order. Mother timely appealed and we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, A.R.S §§ 8-235.A, 12-120.21.A.1, and -2101.A (West 2015),[1] and Arizona Rule of Procedure for the Juvenile Court 103(A).

---

[1]       We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

**DISCUSSION**

**¶7**         Mother contends she was not afforded due process when the juvenile court found that she failed to appear without good cause at the July 2014 pretrial conference and that the juvenile court erred by not setting aside the termination order.  We review the juvenile court's denial of the motion to set aside the termination order for an abuse of discretion.  *See Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 305, ¶ 19 (App. 2007).  Whether the juvenile court acted within its authority under Arizona law to proceed in Mother's absence is a legal question we review de novo.  *See Adrian E. v. Ariz. Dep't of Econ. Sec.*, 215 Ariz. 96, 99, ¶¶ 8-9 (App. 2007).

**¶8**         Arizona Rule of Procedure for Juvenile Court 64.C provides that a parent contesting a termination motion must receive a "notice of hearing" informing the parent that a failure to appear may result in proceedings going forward, which "may result in the termination of parental rights based upon the record and evidence presented."  Rule 65.C.6.c additionally states that, upon finding a lack of good cause shown and that notice and service of the warning was proper, a juvenile court "may proceed with the adjudication of termination based upon the record and evidence presented[.]"  This court has recognized that failing to appear is not by itself sufficient to waive due process rights if a party can show a lack of proper notice.  *Manuel M. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 205, 211, ¶ 20 (App. 2008).  But when notice is proper, this court has also held that the relevant Rules provide sufficient authority for a juvenile court to proceed with termination of parental rights if a parent fails to appear without good cause shown.  *Adrian E.*, 215 Ariz. at 100, ¶ 13.

**¶9**         Here, the record shows that Mother was present at the May 2014 hearing when the July 21, 2014 pretrial conference was scheduled.  Mother does not argue that the juvenile court or DCS failed to provide proper service or notice to her for the July 21, 2014 pretrial conference,  nor does she contest that the July hearing was held as scheduled at the May 2014 hearing where she was present.  Mother received a Form 3 that complied with the Rules in warning her about the possible consequences of failing to appear.  *See* Ariz. R.P. Juv. Ct., Form 3 (Notice to Parent in Termination Action).  There is no dispute with the juvenile court's finding that Mother recorded the wrong date on the provided form.  Thus, consistent with the Rules and Arizona case law, Mother's failure to appear provided sufficient cause for the juvenile court to proceed with the termination hearing.

**¶10** Mother contends that her mistaken transcription amounts to good cause shown, and the juvenile court erred by not recognizing it as such. However, the appellate record does not contain transcripts of either the May 2014 hearing or the hearing where the motion to set aside the termination order was argued. Accordingly, we presume the record supports the juvenile court's rulings. *See Kohler v. Kohler*, 211 Ariz. 106, 108 n.1, ¶ 8 (App. 2005).

**¶11** Although Mother waived her rights by failing to appear without good cause shown and was deemed to have admitted the grounds alleged in the motion for termination, the juvenile court was still required to assess the record and evidence presented to determine whether the legal grounds for termination were established. *See Manuel M.*, 218 Ariz. at 214, ¶ 28. The record supports the juvenile court's findings, and Mother does not argue to the contrary.

**¶12** The grounds for termination were established by the reports prepared by DCS and several health professionals who treated the Children and from DCS case worker testimony. In particular, for X.B. and L.B., the record reflects that the Children were in out-of-home placement for more than fifteen months and the reports and testimony sufficiently established a substantial likelihood that Mother would not be capable of exercising proper and effective parental care and control in the near future. *See* A.R.S. § 8-533.B.8(c). The record additionally reflects that N.B., who is under three years of age, was in an out-of-home placement for more than six months and the reports and testimony sufficiently established that Mother had neglected or willfully refused to remedy the circumstances causing the out-of-home placement. *See* A.R.S. § 8-533.B.8(b).

**¶13** Finally, the juvenile court did not err in finding that termination would be in the Children's best interests. The record reflects that the Children would benefit by receiving permanency and stability from termination. *See James S. v. Ariz. Dep't of Econ. Sec.*, 193 Ariz. 351, 356, ¶ 18 (App. 1998) (noting that finding termination is in a child's best interests requires "either that the child will benefit from the termination of the relationship or that the child would be harmed by continuation of the relationship.").

## CONCLUSION

**¶14** For the above stated reasons, we affirm the denial to set aside the termination order and the termination of Mother's parental rights.



Ruth A. Willingham · Clerk of the Court
FILED: ama